UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARGARET ARNOLD, ET AL

VERSUS

COCO RESOURCES, INC., ET AL

CIVIL ACTION

NUMBER 10-333-JJB-SCR

and

ANGELA AHMED, ET AL

VERSUS

GOULDS PUMPS INDUSTRIAL
PRODUCTS INC., ET AL

CIVIL ACTION

NUMBER 10-335-JJB-SCR

Consolidated for case management with
CV 10-328, CV 10-331, CV 10-332, and CV 10-334

**This Magistrate Judge's Report applies
only to CV 10-333 and CV 10-335**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 4, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARGARET ARNOLD, ET AL

VERSUS

COCO RESOURCES, INC., ET AL

CIVIL ACTION

NUMBER 10-333-JJB-SCR

and

ANGELA AHMED, ET AL

VERSUS

GOULDS PUMPS INDUSTRIAL PRODUCTS INC., ET AL

CIVIL ACTION

NUMBER 10-335-JJB-SCR

Consolidated for case management with
CV 10-328, CV 10-331, CV 10-332, and CV 10-334

**This Magistrate Judge's Report applies
only to CV 10-333 and CV 10-335**

### MAGISTRATE JUDGE'S REPORT

A review of the petition filed in CV 10-333 and the Class Action Petition for Damages filed in CV 10-335 shows that the proposed class in each case would be comprised primarily, if not exclusively, of Louisiana citizens. Also, in each case, the only remaining defendant is Coco Resources, Inc., which is a Louisiana citizen. Because it appears the circumstances described in 28 U.S.C. § 1332(d)(4)(B) exist in these cases, which would require the court to decline to exercise subject matter jurisdiction, the parties were ordered to show cause why the court should not decline to exercise subject matter jurisdiction in these cases and remand

them to the state court.  CV 10-333 record document number 8; CV 10-335 record document number 10.  A written response to this order was required.[1]  No response was filed by any party in CV 10-333.  A response was filed by the plaintiffs in CV 10-335.[2]

**Background and Procedural History**

These cases arises out of an explosion and fire which occurred on March 30, 2010 at a business located on Eden Church Road in Livingston Parish, Louisiana.  Plaintiffs in CV 10-333 filed a petition in state court seeking class action status and damages which was removed to this court by defendant Goulds Pumps, Incorporated d/b/a ITT PRO Services® (hereafter, Goulds Pumps).  Plaintiffs in CV 10-335 filed a Class Action Petition for Damages in state court, which was also removed to this court by defendant Goulds Pumps.  Defendant Goulds Pumps removed the cases under 28 U.S.C. §§ 1446 and 1453 and asserted subject matter jurisdiction under § 1332 and the Class Action Fairness Act (CAFA).

Plaintiffs are Louisiana citizens.  In CV 10-333 the proposed class is defined as follows:

> ...the class consists of all persons and entities located or residing in the Denham Springs area and vicinage who have sustained personal injury, property damage, business

---

[1] The parties were also advised: "Failure to comply with this order will be considered as the party's consent to remand the case to state court."

[2] Record document number 12. Plaintiffs did not oppose remanding the case to state court.

loss, evacuation and/or inconvenience and clean up and/or remediation costs as a result of the fire and release which occurred on March 30, 2010.[3]

In CV 10-335 the proposed class is defined as follows:

> The proposed class consists of all persons who or which on March 30, 2010, were residents and/or property and/or business owners or who were present in the effected vicinity in Livingston Parish and who or which experienced fear and fright and/or property damages and/or physical discomfort and/or evacuation or other damages including damages to animals as a result of the fire at the Coco Resources and ITT Pro Services Facilities.[4]

Defendant Goulds Pumps is a Delaware corporation with its principal place of business in the state of New York. After removal, the plaintiffs in both cases stipulated to the dismissal of defendant Goulds Pumps.[5] The sole remaining defendant, Coco Resources, Inc., is a Louisiana corporation. It neither joined in nor consented to the removal.

## Applicable Law

**Class Action Fairness Act**

Enacted on February 18, 2005, CAFA amended the diversity

---

[3] CV 10-333 record document number 1-1, petition, ¶ 13.

[4] CV 10-335 record document number 1-1, Class Action Petition for Damages, ¶ 5.

[5] CV 10-333 record document number 5; CV 10-335 record document number 6. Although not stated in the stipulations for dismissal, the likely reason for them was the determination that defendant Goulds Pumps did not own the property where the explosion and fire occurred. See CV 10-333 record document number 4, Motion for Summary Judgment; see CV 10-335 record document number 5, Motion for Summary Judgment.

jurisdiction requirements for cases brought as class actions. Section 9 of CAFA provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub.L. 109-2, § 9.  Pursuant to these revisions, most of which are found in § 1332(d), federal diversity jurisdiction is conferred over class actions where (1) the aggregate amount in controversy exceeds $5,000,000 dollars; (2) minimal diversity is met, i.e. any member of a class of plaintiffs is a citizen of a State different from any defendant; (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more. *In re Textainer Partnership Securities Litigation*, 2005 WL 1791559 (N.D. Cal. July 27, 2005), *citing*, §§ 1332(d)(2) and (5).

The new class action diversity jurisdiction requirements are subject to mandatory grounds on which a court must decline jurisdiction.  Section 1332(d)(4) provides as follows:

> (4)  A district court shall decline to exercise jurisdiction under paragraph (2)--
>  (A)(i) over a class action in which--
>         (I)  greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>        (II)  at least 1 defendant is a defendant--
>           (aa)  from whom significant relief is sought by members of the plaintiff class;
>           (bb)  whose alleged conduct forms a significant basis for the claims asserted by the

5

```
                        proposed plaintiff class; and
                (cc) who is a citizen of the State in which
                        the action was originally filed; and
        (III)   principal injuries resulting from the alleged
                conduct or any related conduct of each
                defendant were incurred in the State in which
                the action was originally filed; and
    (ii) during the 3-year period preceding the filing of
        that class action, no other class action has been
        filed asserting the same or similar factual
        allegations against any of the defendants on behalf
        of the same or other persons; or
(B) two-thirds or more of the members of all proposed
    plaintiff classes in the aggregate, and the primary
    defendants, are citizens of the State in which the action
    was originally filed.
```

## Analysis

The circumstances described in § 1332(d)(4)(B) exist in this case. From the class descriptions, it appears that more than two-thirds of the members of the proposed classes are Louisiana citizens, and the sole remaining defendant is also a Louisiana citizen. Consequently, this court must decline to exercise subject matter jurisdiction in this case.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the court decline to exercise jurisdiction in CV 10-333 and CV 10-335 and remand them to state court.

Baton Rouge, Louisiana, October 4, 2010.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE